Anna Mary MILLARD, Paul Millard, Thomas Millard, Herbert Ray Millard, Martha Millard Maddox and Elizabeth Millard Garrison, Appellants,

v.

William J. MEADOR, d/b/a Meador Funeral Home, Respondent.

No. 23309.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1961.

Van Matre & Van Matre, Mexico, Mo., for appellants.

Ralph L. Alexander, Columbia, Don C. Carter, Sturgeon, for respondent.

SPERRY, Commissioner.

Plaintiffs, Paul and Anna Mary Millard, were the father and mother of Carl F. Millard, deceased, and Thomas Millard, Herbert Ray Millard, Martha Millard Maddox and Elizabeth Millard Garrison were the sole surviving brothers and sisters, and nearest of kin, of deceased. Plaintiffs sued defendant, who was in the business of embalming and burying the dead, in fraud and deceit, seeking nominal and punitive damages.

Defendant denied the allegations of the petition and counterclaimed for the sum of $939.10, for funeral services furnished deceased "at the special instance and request of plaintiffs" and alleged "that said charge for such service was reasonable and proper and which said sum plaintiffs agreed to pay".

Trial to a jury resulted in a verdict for defendant on plaintiffs' petition and for defendant on his counterclaim in the sum of $360. From the judgment thereon plaintiffs appeal.

Plaintiffs' evidence was to the effect that deceased was, when he died, a member of the armed services of the United States, that he was unmarried and left no will; that, on December 29, 1956, decedent's mother was notified of his death, at her home in Boone County, Missouri, by Lt. Marcus of the United States Air Force, telephoning from the base in Tennessee where deceased was stationed; that the family was notified to designate a funeral home to receive the body; that plaintiff, Herbert Ray Millard, requested defendant to receive and care for deceased's remains when they arrived; that none of plaintiffs requested defendant to telephone to verify the death, or to inquire about life insurance; that defendant called on the as-

sembled family in Centralia, Missouri, and told decedent's mother that she would receive $10,000 insurance and asked the family who would pick out the casket; that one of plaintiffs asked defendant if the government doesn't bury its soldiers and furnish caskets; that defendant said that the government had not furnished caskets since the Korean war; that plaintiffs then agreed to purchase a casket and service from defendant.

Plaintiffs' evidence was to the further effect that Fuqua Funeral Home in Kentucky was under contract to furnish a casket for decedent; that a representative of that organization was contacted by defendant who instructed that the body be shipped in a "doe casket", although he was advised at the time that the government would furnish, without cost, a suitable casket but he stated that the family did not want the government merchandise; that defendant telephoned Lt. Marcus, personal affairs officer at the air base, and requested the amount of life insurance deceased carried; that he was told that such information could only be given to the next of kin; that defendant then stated that deceased's mother was present and wanted the information; that a woman promptly got on the line and identified herself as deceased's mother, whereupon Lt. Marcus gave her the information desired. Deceased's mother denied that she had such a conversation.

Defendant's testimony was to the effect that Herbert Ray Millard contacted him at his place of business and requested that he call the Air Force Base and verify the death of Carl (which Herbert Ray denied); that he made the call while Herbert Ray was present; that he then told Herbert Ray that the government would furnish a casket or that the family could buy one from defendant; that defendant later talked to the assembled family and told them that "if they wanted the government funeral it would be fine, or if they wanted to buy a casket from us, that would be fine"; that the family wasn't sure if there was insurance; that he then called and talked to the Personal Affairs Officer, identifying himself and stating that he was calling for the family; that the officer then gave him the information about insurance which he reported to the family; that one member asked if the government did not bury its soldiers and he told them it did but he had not seen any government caskets since the Korean war; that the family then said that they wanted to purchase the funeral, that they would have more peace of mind; that he did not tell plaintiffs that the government did not bury its soldiers since the Korean war.

Mrs. Nell Brown, receptionist for defendant, stated that defendant was talking over the telephone to the air base about insurance and asked her to take down the information on the telephone extension, that no other woman was downstairs in defendant's office but that there was an extension in defendant's home where his wife could have listened in on the conversation.

■ Plaintiffs contend that defendant's instruction D3 is erroneous because it permits recovery on the theory of *quantum meruit* although defendant pleaded an express contract. Plaintiffs are correct in their contention that the instruction permits recovery on *quantum meruit*; but defendant pleaded his counterclaim on that theory. He could properly allege the special contract and seek recovery for the reasonable value of the goods and services rendered, where, as here, the contract had been fully performed by defendant and nothing remained to be done except for plaintiffs to pay the money. Stewart v. Droste, Mo.App., 294 S.W.2d 600, 603; Winifred Reighley v. Fabricius Estate, Mo. App., 332 S.W.2d 76, 85.

The case of Boyer v. Eberts, Mo.App., 241 S.W.2d 44, cited and relied on by plaintiffs, is not controlling here because the pleadings are not similar to those in that case.

Ordinarily, a party may not complain on the grounds that the judgment against him was not as large as it should have been. Humphries v. Shipp, 238 Mo. App. 985, 194 S.W.2d 693, 699.

The jury found for defendant on plaintiffs' petition and for him on his counterclaim. It is not within our province to interfere with the verdict, on the record before us.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.