## Case No. 11,530.

### In re RAGSDALE.

[7 Biss. 154.] [1]

District Court, D. Indiana.    April, 1876.

BANKRUPTCY—FAILURE TO KEEP BOOKS—DIS-
CHARGE—TRADESMAN.

A bankrupt who is engaged in farming and trading live stock is not a tradesman within the meaning of section 5110 of the United States Revised Statutes, and a "failure to keep proper books of account" will not be a valid objection to his discharge.

In bankruptcy. Henry C. Duncan et al., who are creditors of the bankrupt [William Ragsdale], filed specifications of the grounds of their objection to his discharge, alleging (1) failure and refusal of bankrupt to surrender all his property; (2) failure to keep proper books of account; (3) fraudulently procuring assent of creditor to discharge.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

These allegations being denied by the bankrupt, and issue joined thereon, the matters in controversy were referred by the court to Noble C. Butler, Esq., one of the registers in bankruptcy thereof, for report and finding: who, after hearing the evidence, reported the testimony and the following opinion.

Howk & Tuley and Riley & Iseminger, for bankrupts.

Wilson & Dana, for opposing creditors.

By NOBLE C. BUTLER, Register:

The proof does not sustain either the first or third specifications filed by the creditors. As to the second specification, it is shown that the bankrupt was engaged in farming and trading. His trading consisted in buying and selling live stock. The character of the "books of account" kept by him is revealed by his answers to questions 73, 79, 80, 81, 82, 83, and a statement by him just at the close of his answer to 132, upon an examination under section 5086, Rev. St. U. S., the record of which is introduced as part of the evidence herein. They were evidently very imperfect. He did not keep an account of all his sales, and he thinks his books would "show about two-thirds or three-quarters of his business" only. They could hardly be considered "proper books of account" within the meaning of the law (Rev. St. U. S. § 5110), which while it does not enjoin any particular form of book-keeping, certainly requires that it should exhibit a full and accurate account of one's business transactions. But the law imposes this duty upon merchants and tradesmen. It is not claimed that the bankrupt is a merchant (who is defined to be, in one sense, a "trader," by Webster, and by Burrill and Bouvier in their Law Dictionaries), but that he is a tradesman. It will be observed that this is not the same expression used in section 5021, which makes the stoppage of payment of commercial paper by a "trader" an act of bankruptcy. According to the decision under this section, and the definition of the term by the English courts, the occupation of the bankrupt may be designated as that of a "trader." And primarily these words "trader" and "tradesman" mean one who trades, and they have been treated by the courts in many instances as synonymous. But in their general application and usage, I think, they describe different vocations. By "tradesman" is usually meant a shopkeeper. Such is the definition given the word in Burrill's Law Dictionary. It is used in this sense by Adam Smith. He says (Wealth of Nations): "A tradesman in London is obliged to hire a whole house in that part of the town where his customers live. His shop is on the ground floor," etc., etc. Dr. Johnson gives it the same meaning, and quotes Prior and Goldsmith as authorities. It was held by Bell, J., in 4 Pa. St. 472, to mean, in the United States, a mechanic or artificer whose livelihood depends on the

labor of his hands; or, in a more enlarged sense, any person engaged in mechanical pursuits or employments; but the English definition seems to be more accurate even in this country. The bankrupt, however, does not come within either of these descriptions of a tradesman; and, for this reason, I think that section 5110 does not apply to him. I find, therefore, on the whole, that the specifications ought to be dismissed.

GRESHAM, District Judge. The ruling of Mr. Register Butler is approved, and the clerk will make the proper entry.