O'Neill and others, Appellants, vs. The Pleasant Prairie Mutual Fire Insurance Company, Respondent.

*April 17 — May 12, 1888.*

71 621
86 649

*Town insurance companies: Insurable property: "Farm building."*

An incubator building, erected on an acre of ground leased for that purpose, and used in carrying on the business of hatching chickens by artificial means and rearing them for the market, is not a "farm building" within the meaning of sec. 2, ch. 421, Laws of 1885, and is not insurable by a town insurance company.

APPEAL from the Circuit Court for *Kenosha* County.

Action upon a policy of insurance. The defendant insurance company is a corporation duly organized under the provisions of R. S., ch. 89, secs. 1927–1941, and the several acts amendatory thereof. In November, 1885, it issued its policy of insurance to the plaintiffs, in and by which it insured them for the term of five years against loss or damage by fire to the amount of $2,000, as follows: " $800 on incubator building; $800 on fixtures in above building; $400 on fowls and chickens in above-mentioned building,— all situated in the town of Pleasant Prairie, county of Kenosha, and state of Wisconsin, on section 2, town 1, range 22 east." In April, 1887, the insured property was destroyed by fire. The value of the property so destroyed probably exceeded the insurance thereon.

It appeared on the trial that the building was erected by the plaintiffs on one acre of land leased by them for that purpose. They carried on in the building the business of hatching chickens by artificial means and rearing them for the market. There was considerable testimony given on the trial tending to show that after the policy was issued additional fixtures were placed in the building without the consent of the company, which materially increased the risk of loss by fire.

The circuit court held that the statute conferred no authority upon the defendant company to insure the incubator building and its contents; also that the undisputed evidence proved that the plaintiffs had materially increased the risk after the issuing of the policy, without the consent of the insurance company. Thereupon the court nonsuited the plaintiffs, and rendered judgment against them, dismissing the action, with costs. The plaintiffs appeal from the judgment.

*T. L. Cleary*, for the appellants.

For the respondent there was a brief by *Cavanagh & Quarles*, and oral argument by *Mr. Charles Quarles*.

LYON, J. The first question presented by this appeal is, Was the town insurance company, the defendant, authorized by the statute to insure the building in question and the property therein?

The limitations upon the power of the defendant company to insure property against loss or damage by fire, at the time the policy in suit was issued, may be found in sec. 2, ch. 421, Laws of 1885, and are as follows: "No such corporation shall insure any property out of the town or towns in which said corporation is located: provided, that any such corporation, at its annual meeting, may, by a majority vote of the members present, authorize its directors to insure any farm property, or detached dwelling-house and

contents, in any adjoining town or towns, or in any incorporated city or village which is located in any adjoining towns in which such town insurance corporation is located: provided, such farm property or dwelling or contents shall be detached at least one hundred feet from exposure. No such corporation shall insure any property other than detached dwellings and their contents, farm buildings and their contents, live-stock in possession or running at large, farm products on premises, and farming implements: provided, that no loss of any live-stock insured by such corporation shall be recoverable if occurring while such stock was kept or confined in any building which such corporation could not insure under this section. But such corporation, at its annual meeting, may, by a majority of all the votes cast by its members present, authorize its directors to insure country stores and their contents, school-houses, churches, town and society halls, country hotels, and water-mills; but such risks shall not exceed twenty-five hundred dollars in any one case."

It is certain that the company had no power to effect this insurance, under the above statute, unless the insured building is a "farm building" within the meaning of the statute; for it is not claimed that the corporation ever specially authorized its directors to insure buildings of this class.

We are of the opinion that the learned circuit judge construed the law correctly when he held that the incubator building was not a farm building within the meaning of the statute. We think the reasons given by him for such conclusion are sound, and we cannot do better than to reproduce them here as a satisfactory expression of our own views upon the question. The judge said: " As to the construction of the words ' farm buildings,' I am of the opinion that this point is also well taken. Words must be construed to mean in their ordinary, usual, common acceptation. When words are used which are ordinarily and commonly

in use among the people, when they are used in the statute, unless some different construction is applied by the statute, we must construe them as they ordinarily are used. Now, these companies, it appears, all through the state, are organized for the purpose of allowing farmers to insure themselves. They are farm insurance companies. This is practically what they are, and the word ' farm ' appears frequently; the word ' farmer' and ' farms' and ' farm.' Now, those words seem to me, in this state, to have a well-recognized and definite meaning; that is, a man who cultivates a considerable tract of land. Whether it is necessary that he should till practically I am not quite certain; but at least a man is not called a ' farmer,' and his place is not called a ' farm,' unless he has some considerable tract of land, and cultivates it, or uses it in some one of the usually recognized ways of farming. Were these men farmers? Was this place a farm? I do not think that, in the ordinary, common acceptation of that term, it can possibly be said that they were farmers, or that it was a farm, or that this building was a farm building. It seems to me that the suggestion with regard to growing seed is extremely applicable. Most farmers, I suppose, grow some seed,— seeds of vegetables to raise from,— and collect them in the fall, sometimes. Most farmers keep some hens and get some eggs. But if a man leased an acre of ground, whether it was on a farm, or whether it was not on a farm, and went to raising seed as a business in hot-houses, he could not be called a ' farmer,' and his place could not be called a ' farm,' nor his buildings be called ' farm buildings.' Construing that in what seems to me its natural, usual, and ordinary meaning, and what the statute seems to suggest as its meaning, that can hardly be called a ' farm building.' Now, it is of some significance that the legislature have deemed it necessary to put into their excepting clause here the words ' cheese factory.' If an incubator, a building like this, is a

farm building, a cheese factory must be a farm building. I do not see any distinction — any rational ground — between the two; but the legislature have construed it, evidently, not to be a farm building." The statute above referred to, concerning cheese factories, is ch. 217, Laws of 1887.

We conclude, therefore, that the nonsuit was properly granted for the reason that the contract of insurance was prohibited by the statute. Having reached this conclusion, it is unnecessary to consider whether the court ruled correctly in respect to the increase of the risk after the policy was issued.

*By the Court.*— The judgment of the circuit court is affirmed.