WILLIAMS, Respondent, vs. GIBLIN, Appellant.

*January 9 — January 30, 1894.*

*Appeal: Taxation of costs: Sixty days after "finding" is filed.*

Ch. 202, Laws of 1882 (S. & B. Ann. Stats. sec. 2894a), providing that judgment shall be entered without costs if the successful party fails to enter and perfect it within sixty days after " the *finding* of a court shall be filed," does not apply to decisions rendered by the supreme court upon appeal from lower courts.

APPEAL from the Circuit Court for *Rock* County.

Motion to vacate the taxation of costs in the supreme court, after affirmance of the judgment appealed from.

*F. J. Lamb*, in support of the motion.

*H. S. Sloan*, contra.

PER CURIAM. The judgment of the circuit court in this case was affirmed in this court October 17, 1893. *Ante*, p. 147. Cost were not taxed until December 18th following. Motion is now made by appellant to vacate the taxation of costs because they were not taxed within sixty days after the decision of the case, and reliance is placed on ch. 202, Laws of 1882 (S. & B. Ann. Stats. sec. 2894a). This section provides, in substance, that whenever the finding of a court shall be filed, or the verdict of a jury shall be rendered, the successful party shall enter and perfect judgment thereon within sixty days thereafter; otherwise judgment shall be entered without costs.

We are satisfied that this statute does not apply to decisions rendered by this court upon appeal from lower courts. The term "finding" is universally used by the profession and by the courts as meaning the decision of a trial court upon the facts. R. S. secs. 2870, 2871. The term is never used, to our knowledge, either in the statutes or in common parlance, to designate the decision of this court

upon appeal. Words are to be construed according to their usual and common acceptation. *O'Neill v. Pleasant Prairie M. F. Ins. Co.* 71 Wis. 621.

The motion will be denied.