COOK GRAINS *v.* FALLIS.

5-3668                                          395 S. W. 2d 555

Opinion delivered November 15, 1965.

*Rieves & Rieves,* for appellant.

*Spears & Sloan,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Cook Grains, Inc., filed this suit alleging that it entered into a valid contract with appellee, Paul Fallis, whereby Fallis sold and agreed to deliver to Cook 5,000 bushels of soybeans at $2.54 per bushel. It is alleged that Fallis breached the alleged contract by failing to deliver the beans, and that as a result thereof Cook has been damaged in the sum of $1,287.50. There was a judgment for Fallis. The grain company has appealed.

Appellant introduced evidence to the effect that its agent, Lester Horton, entered into a verbal agreement with appellee whereby appellee sold and agreed to deliver to appellant grain company 5,000 bushels of beans; that delivery was to be made in September, October, and November, 1963. Fallis denied entering into such a contract. He contends that although a sale was discussed, no agreement was reached. He also contends that the alleged contract is barred by the statute of frauds.

Following the discussion or sale, whichever it was, between Horton and Fallis, appellant grain company

prepared and mailed to Fallis a proposed contract in writing which provided that Fallis sold to the grain company 5,000 bushels of beans. The instrument was signed by the grain company and it would have been bound thereby if Fallis had signed the paper, but Fallis did not sign the instrument and did not return it to the grain company. Later, Fallis refused to deliver the beans and the grain company filed suit.

The appellant grain company concedes that ordinarily the alleged cause of action would be barred by the statute of frauds, but contends that here the alleged sale is taken out of the statute of frauds by the Uniform Commercial Code. Ark. Stat. Ann. § 85-2-201 (1961 Addendum) is relied on. It is as follows:

"Formal requirements—Statute of frauds.— (1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten [10] days after it is received. . . ."

Thus, it will be seen that under the statute, if appellee is a merchant he would be liable on the alleged contract because he did not, within ten days, give written notice that he rejected it.

The solution of the case turns on the point of whether the appellee Fallis is a "merchant" within the meaning

964

of the statute. Ark. Stat. Ann. § 85-2-104 (1961 Addendum) provides:

" 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill. . . ."

There is not a scintilla of evidence in the record, or proffered as evidence, that appellee is a dealer in goods of the kind or by his occupation holds himself out as having knowledge or a skill peculiar to the practices or goods involved in the transaction, and no such knowledge or skill can be attributed to him.

The evidence in this case is that appellee is a farmer and nothing else. He farms about 550 acres and there is no showing that he has any other occupation. In Words and Phrases, Vol. 16, beginning at page 401 there are many cases cited giving the definition of a farmer, such as:

"A 'farmer' is one devoted to the tillage of the soil, such as an agriculturalist. *Sohner* v. *Mason*, 288 P. 2d 616, 617, 136 C. A. 2d 449. . . .

"The term 'farmer' means a man who cultivates a considerable tract of land in some one of the usual recognized ways of farming. *O'Neil* v. *Pleasant Prarie Mut. Fire Ins. Co.*, 38 N. W. 345, 346, 71 Wis. 621."

Our attention has been called to no case, and we have found none holding that the word farmer may be construed to mean merchant.

If the General Assembly had intended that in the circumstances of this case a farmer should be considered a merchant and therefore liable on an alleged contract to sell his commodities, which he did not sign, no doubt clear and explicit language would have been used in the

statute to that effect. There is nothing whatever in the statute indicating that the word "merchant" should apply to a farmer when he is acting in the capacity of a farmer, and he comes within that category when he is merely trying to sell the commodities he has raised.

Notes 1 and 2 under Ark. Stat. Ann. § 85-2-104 (1961 Addendum), (Uniform Commercial Code) defining merchant indicate that this provision of the statute is meant to apply to professional traders. In Note 1 it is stated: "This section lays the foundation of this policy defining those who are to be regarded as professionals or 'merchants' . . ." It is said in Note 2: "The term 'merchant' as defined here roots in the 'law merchant' concept of a professional in business. . . ."

The following are some definitions of the word merchant taken from Words and Phrases, Vol. 27:

"A merchant is defined to be, in one sense, a trader, by Webster, and by Burrill and Bouvier in their Law Dictionaries, and a person who is engaged in farming and stock raising is not a merchant. In re Ragsdale, 20 Fed. Cas. 175. . . .

" 'The term "merchants" includes those only who traffic, in the way of commerce, by importation or exportation, who carry on business by way of emption, vendition, barter, permutation, or exchange and who make it their living to buy and sell by a continued vivacity or frequent negotiations in the mystery of merchandise, and does not include a farmer who sells what he makes.' *Dyott* v. *Letcher*, 29 Ky. (6 J. J. Marsh) 541, 543."

In construing a statute its words must be given their plain and ordinary meaning. *Hancock* v. *State*, 97 Ark. 38, 133 S. W. 181; *Fort* v. *City of Brinkley*, 87 Ark. 400, 112 S. W. 1084.

The judgment is affirmed.