321 So.2d 199

**LOEB AND COMPANY, INC., a corp.**

v.

**Charles SCHREINER.**

**SC 850.**

Supreme Court of Alabama.

Oct. 2, 1975.

Rehearing Denied Nov. 6, 1975.

James W. Garrett, Jr. and Watkins C. Johnston, Montgomery, for appellant.

Vaughan H. Robison, and Philip H. Butler, Montgomery, for appellee.

ALMON, Justice.*

This is an appeal from a judgment of the Circuit Court of Lowndes County. The court decreed that the plaintiff and the defendant entered into an oral contract for the purchase and sale of one hundred fifty bales of cotton but that the contract was unenforceable under the Alabama Uniform Commercial Code because the defendant was not a "merchant" as that term is used and defined.

The plaintiff-appellant, Loeb and Company, Inc., is engaged in the marketing of raw cotton. James L. Loeb of Montgomery is President of the company and has bought cotton from the defendant-appellee, Charles Schreiner, for the past four or five years. Charles Schreiner is a cotton farmer and has been engaged in the farming of cotton and other crops since 1963.

Following a conversation on the 18th or 20th of April, 1973, with regard to the price paid by appellant company to Marlowe Reese, a neighbor of appellee, appellee telephoned appellant on April 23 and asked if the price paid Reese was available to him. He received from the president of appellant company a statement that he would pay appellee the same price. Appellant maintained at trial that appellee orally contracted with him during the telephone conversation to sell appellant company one hundred fifty bales of cotton. Appellee admitted that there were negotiations but maintained that he never agreed to sell the one hundred fifty bales.

The date, parties, terms and conditions of the alleged contract to sell were confirmed in the records of appellant company on April 23, 1973, and two copies of a confirming statement were mailed to appellee. Appellee received the confirming statement but neither signed it nor returned it, nor in any manner took exception to it until four months later when appellant telephoned him inquiring the whereabouts of the statement. In the meanwhile the price of raw cotton had risen from the price in the alleged contract of 37¼ cents to the middle 80 cents.

When appellant company telephoned appellee and inquired about the confirming statement, appellee said that he did not intend to sign and return it and told appellant to discuss the matter with his attorney.

The trial court found that there was an oral contract but that the contract was unenforceable under the Alabama Uniform Commercial Code because the appellee was not a merchant as that term is used in Tit. 7A, §§ 2–104 and 2–201, Code of Alabama, 1940, Recompiled 1958.

Tit. 7A, § 2–201 is the section which sets out the statute of frauds for Article 2 of

---

* This case was originally assigned to a justice formerly on this court. It has been reassigned to the writer who has listened to tape recordings of oral argument.

the Uniform Commercial Code. It governs all contracts for the sale of "goods." Cotton is included within the definition of "goods" as defined by the Code. *Cox v. Cox*, 292 Ala. 106, 289 So.2d 609 (1974). § 2–201 provides in pertinent part as follows:

> "Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

> "(2) *Between merchants* if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received." (Emphasis added).

Appellant contends that the trial court erred in finding that the appellee cotton farmer was not a merchant and that § 2–201(2) was not applicable. If appellee is not a "merchant," § 2–201 would act as a bar to the enforcement of the contract in question. However, if appellee is a "merchant," he would be liable on the contract because he did not within ten days give notice of objection to appellant's confirming statement. Tit. 7A, § 2–104(1) defines "merchant" as follows:

> "(1) 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."

Only a few courts have considered the question of whether a farmer is a "merchant." In *Cook Grains v. Fallis,* 239 Ark. 962, 395 S.W.2d 555 (1965), the Arkansas Supreme Court held that a soybean farmer was not a merchant when he was merely trying to sell the commodities he had raised. The court stated that there was not

> ". . . a scintilla of evidence in the record, or proffered as evidence, that appellee is a dealer in goods of the kind or by his occupation holds himself out as having knowledge or a skill peculiar to the practices of goods involved in the transaction, and no such knowledge or skill can be attributed to him." 239 Ark. at 964, 395 S.W.2d at 556.

In *Oloffson v. Coomer,* 11 Ill.App.3d 918, 296 N.E.2d 871 (1973), the Third Division of the Appellate Court of Illinois stated in dictum that a farmer in the business of growing grain was not a "merchant" with respect to the merchandising of grain. However, in *Campbell v. Yokel,* 20 Ill.App.3d 702, 313 N.E.2d 628 (1974), the Fifth District of the Appellate Court of Illinois dealt with a case that involved an action against some soybean farmers on an alleged breach of an oral contract for the sale of soybeans. The court held that the soybean farmers, who had grown and sold soybeans for several years were "merchants" when selling crops and were therefore barred by § 2–201(2) from asserting the statute of frauds as a defense.

One court has suggested that whether or not a farmer is a "merchant" within the meaning of § 2–104 should turn upon whether or not he has engaged in a particular type of sale in the past. In *Fear Ranches, Inc. v. Berry,* 470 F.2d 905 (10th

Cir. 1972), a breach of warranty case, the court held that where the defendant cattle farmers made a sale to a non-meatpacker for resale when they had previously sold all of their cattle to meatpackers, they were not "merchants" with respect to the sale to the non-meatpacker. The court felt that the sale of cattle for resale was a sale of a different type of goods and made up a different type of business than the sale of cattle to meat-packers.

We hold that in the instant case the appellee was not a "merchant" within the meaning of § 2–104. We do not think the framers of the Uniform Commercial Code contemplated that a farmer should be included among those considered to be "merchants."

In order for a farmer to be included within the § 2–104 definition of "merchants," he must do one of the following:

1. deal in goods of the kind;

2. *by his occupation* hold himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction; or

3. employ an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

■ Since the farmer in the instant case did not qualify as a merchant under 3 above, he would have to qualify under 1 or 2. It is not sufficient under 2 that one hold himself out as having knowledge or skill peculiar to the practices or goods involved, he must *by his occupation* so hold himself out. Accordingly, a person cannot be considered a "merchant" simply because he is a braggart or has a high opinion of his knowledge in a particular area. We conclude that a farmer does not solely *by his occupation* hold himself out as being a professional cotton merchant.

■ The remaining thing which a farmer might do to be considered a merchant is to become a dealer in goods. Although there was evidence which indicated that the appellee here had a good deal of knowledge, this is not the test. There is not one shred of evidence that appellee ever sold anyone's cotton but his own. He was nothing more than an astute farmer selling his own product. We do not think this was sufficient to make him a dealer in goods.

The official comment to § 2–104 states in part as follows:

"This Article assumes that transactions between *professionals* in a given field require special and clear rules which may not apply to a *casual or inexperienced seller or buyer*. It thus adopts a policy of expressly stating rules applicable 'between merchants' and 'as against a merchant', wherever they are needed instead of making them depend upon the circumstances of each case as in the statutes cited above. This section lays the foundation of this policy by defining those who are to be regarded as professionals or 'merchants' and by stating when a transaction is deemed to be 'between merchants'." (Emphasis added).

Although a farmer might sell his cotton every year, we do not think that this should take him out of the category of a "casual seller" and place him in the category with "professionals."

If indeed the statute of frauds has, as claimed, permitted an injustice, it is a matter which addresses itself to the legislature.

The judgment is due to be and is hereby

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.