CARGILL INCORPORATED, COMMODI-
TY MARKETING DIVISION,
Plaintiff-Respondent,

v.

Duncan HALE, Defendant-Appellant.

No. 10178.

Missouri Court of Appeals,
Springfield District.

May 21, 1976.

Motions for Rehearing or Transfer to
Supreme Court Denied June 2, 1976.

Application to Transfer Denied
July 12, 1976.

James D. Sickal, Blanton, Blanton, Rice & Sickal, Sikeston, for plaintiff-respondent.

Robert A. Dempster, Phillip J. Barkett, Jr., Dempster, Yokley, Fuchs & Barkett, Sikeston, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Plaintiff was awarded damages by a jury for the defendant's breach of contract to sell 9000 bushels of soybeans. The trial court rejected defendant's contention that the statute of frauds contained in § 400.2–201, RSMo 1969, barred plaintiff's enforcement of the contract. We affirm.

Plaintiff operates a grain elevator at New Madrid, Missouri, and buys and sells grain. On July 22, 1974, the defendant telephoned plaintiff's manager and agreed to sell 9000 bushels of No. 2 yellow soybeans for $7.37 per bushel. Delivery date, according to the manager, was to be by August 9 at plaintiff's elevator. Following the telephone conversation in which plaintiff's manager agreed to the purchase, the manager prepared a written confirmation of the sale from the notes he made during the telephone call and mailed it to the defendant at his Advance, Missouri, address.

The confirmation agreement, setting forth the foregoing matters, was received by the defendant on July 26. The market price for soybeans had risen to $8.10 per bushel that day. On August 6, when the market price of soybeans was $8.21 per bushel, the defendant's son notified plaintiff's manager by telephone that defendant's soybeans would not be delivered. No explanation was offered. On the same date, the written confirmation, unsigned by the defendant, was mailed to the plaintiff.

By reason of the August 6 telephone call advising defendant did not intend to deliver the soybeans and receipt of the confirmation agreement on August 7, the plaintiff purchased 9000 bushels of soybeans on the latter date to cover its commitments. Plaintiff paid $8.21 per bushel for the soybeans so purchased.

It was the defendant's trial position that in his July 22 telephone call he had agreed to deliver the beans by August 15 and since the confirmation agreement sent to him showed the earlier date of August 9, he had notified plaintiff he would not deliver his soybeans to plaintiff and returned the agreement. He acknowledged the price of soybeans rose to a high of $9.54 per bushel by fall.

The parties are in agreement that provisions of the Uniform Commercial Code apply to the transaction. Soybeans are goods within the meaning of § 400.2–105, RSMo 1969, and growing crops capable of severance as defined in § 400.2–107, RSMo 1969. And, as defendant contends and plaintiff concedes, § 400.2–201, RSMo 1969, is applicable because the instant transaction involved a contract for the sale of goods.

The relevant portion of § 400.2–201, RSMo 1969, provides:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

\*    \*    \*    \*    \*    \*

(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted . .."

In our review, we consider the evidence and inferences in support of the jury's verdict in the light most favorable to the plaintiff, and ignore the defendant's evidence except insofar as it aids plaintiff's case. *Parker v. Stern Bros. & Co.,* 499 S.W.2d 397 (Mo.1973); *Dollar v. Ozark Engineering Co.,* 500 S.W.2d 727 (Mo.App. 1973).

In this appeal the parties have confined their appellate arguments to the question of whether or not the defendant was a merchant and the applicability or non-applicability of paragraph (2) of § 400.2–201, RSMo 1969. A merchant is defined by the Uniform Commercial Code [§ 400.2–104(1)] as a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction. By reason of our conclusion that paragraph (3)(b) of § 400.2–201, RSMo 1969, governs the disposition of this appeal, we reluctantly forgo the proffered temptation to cast a ray of knowledge, if any, on whether or not the defendant-farmer in this case, selling his own soybeans, could be categorized a merchant under the U.C.C.[1]

The trial transcript reflects the following unqualified admission was extracted from the defendant upon cross-examination:

"Q. Didn't you agree to sell these beans to [plaintiff's manager] over the phone for a certain price?

A. Yes, sir."

We are of the opinion that this testimony of the defendant constitutes an admission that a contract for sale of the soybeans was made with the plaintiff and falls squarely within the provisions of paragraph (3)(b) of the statute. Thus the contract is enforceable by the plaintiff upon defendant's breach.

"Under the statute as it now stands [UCC 2–201(3)(b)], as to the sale of goods of the value of $500 or more, the party charged cannot admit the fact of the contract in the matter provided and at the same time claim the benefit of the statute of frauds. It is the intent of . . . the statute of frauds, that if, after the petition or cross action is filed, the party charged admits to contract in the case thus pending, the statute of frauds as a defense shall not be available to the party charged; but on the contrary the case thus made shall be determined on the merits . . .. This provision was designed to prevent the statute of frauds itself from becoming an aid to fraud, by prohibiting one claiming the benefit of the statute who admits in the case the oral contract sued upon." *Garrison v. Piatt,* 113 Ga.App. 94, 147 S.E.2d 374, 375 (1966).

We hold that defendant's admission that a contract for sale of the subject soybeans was made prohibits him from asserting the statute of frauds as a defense in this case.

During the course of plaintiff's manager's testimony the trial judge asked the witness if he and the defendant reached an agreement as to the delivery date of the soybeans. The witness replied in the affirmative and stated August 9. Thereafter, defendant objected to the question by the court and the witness's answer and requested they be stricken and the jury instructed

1. Alabama, Arkansas and Kansas have ruled that a farmer who sells only his own crops is not the type of professional dealer who qualifies as a merchant under the U.C.C. *Loeb and Company, Inc. v. Schreiner,* 294 Ala. 722, 321 So.2d 199 (1975); *Cook Grains, Inc. v. Fallis,* 239 Ark. 962, 395 S.W.2d 555 (1965); *Decatur Cooperative Ass'n v. Urban,* Kan., 547 P.2d 323 (1976).

Illinois and Ohio have held a farmer can be a merchant when selling his own crops. *Continental Grain Co. v. Harbach,* 400 F.Supp. 695 (N.D.Ill.1975); *Sierens v. Clausen,* 60 Ill.2d 585, 328 N.E.2d 559 (1975); *Campbell v. Yokel,* 20 Ill.App.3d 702, 313 N.E.2d 628 (1974); *Ohio Grain Co. v. Swisshelm,* 40 Ohio App.2d 203, 318 N.E.2d 428 (1973).

to disregard the question and the answer. The court sustained the objection and so instructed the jury. Defendant asked for no further relief and cannot now convict the trial court for not taking further action sua sponte, assuming any merit in the contention. *Price v. Bangert Bros. Road Builders, Inc.,* 490 S.W.2d 53 (Mo.1973); *Burian v. Dickens,* 527 S.W.2d 26 (Mo.App.1975). We might add that both by oral testimony and the written confirmation plaintiff's evidence was sufficient to show August 9 was the agreed upon delivery date.

■ Defendant's final point is that the amount of the verdict was inadequate and therefore "against the evidence, the greater weight of the credible evidence, and the law under the evidence." The complaint about the size of the jury's verdict was not included in defendant's motion for new trial and thus has not been preserved for appellate review. Supreme Court Rule 78.07, V.A.M.R. Such general assignment as "The verdict is against the evidence; further the verdict is against the greater weight of the credible evidence in the case; and further because the verdict is against the law under the evidence" as contained in defendant's motion for new trial preserves nothing for review. *Robbins v. Robbins,* 328 S.W.2d 552 (Mo.1959); *Bremen Bank & Trust Co. v. Bogdan,* 498 S.W.2d 306 (Mo.App.1973). Furthermore, a party ordinarily cannot complain on the grounds that the judgment against him was not as large as it should have been. *Millard v. Meador,* 350 S.W.2d 100 (Mo.App.1969).

The judgment is affirmed.

All concur.