John PIERSON, Plaintiff,

v.

Robert ARNST, Defendant.

No. CV–80–96–GF.

United States District Court,
D. Montana,
Great Falls Division.

Feb. 23, 1982.

John Pierson, pro se.

Dale L. Keil, Conrad, Mont., for defendant.

MEMORANDUM OPINION AND ORDER

HATFIELD, District Judge.

Plaintiff, a citizen of Minnesota, instituted the present action against the defendant, a citizen of Montana, for defendant's alleged breach of his contractual duty to deliver 500,000 pounds of sunflower seeds. Jurisdiction vests in this court pursuant to 28 U.S.C. § 1332(a)(1).

The plaintiff alleges he is entitled to damages arising from the breach of an oral "futures" contract entered into by the parties on June 30, 1980, whereby the plaintiff agreed to purchase and the defendant agreed to sell 500,000 pounds of sunflower seeds at eight cents (8¢) per pound. A "futures" contract is defined as one whereby a farmer agrees to sell his crop at a future date for a specified price.

The plaintiff claims that the failure of the defendant to comply with the terms of the contract resulted in the plaintiff having to "cover" a contract entered into with a subsequent purchaser of the sunflower seeds at issue.

The defendant counters by pleading the affirmative defense of the Statute of Frauds, Montana U.C.C. § 30–2–201(1), Montana Code Annotated (1979), which requires that contracts for the sale of goods for the price of $500 or more must be in writing to be enforceable. Although it is undisputed that the contract at issue was not in writing, the plaintiff seeks to avoid the operation of § 30–2–201(1) M.C.A. (1979), by relying on § 30–2–201(2) M.C.A. (1979), which sets forth an exception to the Statute of Frauds. The exception of subsection 2 provides that a writing in confirmation of a contract, sufficient against the sender, satisfies the writing requirement of subsection 1 if the receiver of the confirmation does not give written notice of objection within ten (10) days of receipt, and if the contract is one between "merchants" as defined by § 30–2–104(1) M.C.A. (1979).[1] The plaintiff maintains that a written confirmation of the oral agreement was sent to the defendant, who failed to give notice of objection within the ten (10) day period.

The defendant has filed a motion for summary judgment premised on the contention that he was not a "merchant" as defined by § 30–2–104(1) M.C.A. (1979) at the time of the transaction at issue. There-fore, defendant submits that the exception to the Statute of Frauds as provided by § 30–2–201(2) M.C.A. (1979) is inapplicable in the present action, and as such, he is entitled to summary judgment as a matter of law.

An evidentiary hearing was held in order that both parties could present evidence either supporting or refuting the contention, that the defendant was not a "merchant" within the meaning of § 30–2–104(1) M.C.A. (1979). The defendant appeared through counsel and presented testimony. However, the plaintiff failed to appear at the hearing as ordered. Nevertheless, the court will endeavor to dispose of the defendant's motion for summary judgment on the merit of the testimony presented.

The present motion for summary judgment raises the controversial issue of whether a farmer holds himself out as being a "merchant", within the meaning of the Uniform Commercial Code,[2] solely by his occupation which entails the selling of the crops he has grown. A review of Montana law reveals that the question has not been addressed by the Supreme Court of Montana. The few courts which have considered the question of whether a farmer, whose sole experience in the market place consists of selling the crops he has grown, is a "merchant" under the Statute of Frauds provision in the Uniform Commercial Code have divided on the issue.[3]

---

1. § 30–2–104(1), Montana Code Annotated (1979) provides:

    "Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

2. *See* footnote # 1, *supra.*

3. The Supreme Courts of Illinois and Texas, and an Appellate Court of Ohio have held that the farmer who regularly sells his crop is a "merchant" within the meaning of § 2–201(2) of the Uniform Commercial Code. *See: Sier-*ens v. Clausen, 60 Ill.2d 585, 328 N.E.2d 559 (1975); *Nelson v. Union Equity Co-op. Exch.*, 548 S.W.2d 352 (Texas 1977); *Ohio Grain Co. v. Swisshelm*, 40 Ohio App.2d 203, 318 N.E.2d 428 (1973).

The Supreme Courts of South Dakota, Iowa, Kansas, Utah, Wisconsin, Arkansas and Alabama have refused to make this generalization. *See: Terminal Grain Corp. v. Freeman*, 270 N.W.2d 806 (S.D.1978); *Sand Seed Serv., Inc. v. Poeckes*, 249 N.W.2d 663 (Iowa 1977); *Decatur Coop. Association v. Urban*, 219 Kan. 171, 547 P.2d 323 (1976); *Lish v. Compton*, 547 P.2d 223 (Utah 1976); *Gerner v. Vasby*, 75 Wis.2d 660, 250 N.W.2d 319 (1977); *Cook Grains v. Fallis*, 239 Ark. 962, 395 S.W.2d 555 (1965); *Loeb and Company, Inc. v. Schreiner*, 294 Ala. 722, 321 So.2d 199 (1975).

362

Faced with the absence of controlling state precedent, this court assumes that the courts of Montana would follow the majority of the states in finding that the average farmer, who possesses no particular knowledge or experience in selling, buying, or dealing in "future" commodity transactions, but who sells only the crops he raises to local elevators, etc., is not a "merchant" within the purview of § 2–104(1) of the Uniform Commercial Code, enacted in Montana as § 30–2–104(1) M.C.A. (1979).

█ This court is convinced that although a farmer may well possess special knowledge or skills with respect to the production of a particular crop, the term "merchant", as used in the Uniform Commercial Code, contemplates special knowledge and skill associated with the marketplace. As to the area of farm crops, this special skill or knowledge means, for instance, special skill or knowledge associated with the operation of the commodities market. It is inconceivable that the drafters of the Uniform Commercial Code intended to place the average farmer, who merely grows his yearly crop and sells it to the local elevator, etc., on equal footing with the professional commodities dealer whose sole business is the buying and selling of farm commodities. Rather, the issue of whether a particular farmer may also be classified as "merchant" within the meaning of § 2–104(1) of the Uniform Commercial Code must be determined on a case by case basis. The court in each case must determine, on the basis of the evidence presented, whether an individual who is considered a farmer also possesses expertise in the area of marketing grain sufficient enough to classify him as a "merchant" within the purview of the Uniform Commercial Code.

█ On the basis of evidence and testimony presented in the case at bar, it is the conclusion of this court that the defendant was not a "merchant" within the meaning of § 30–2–104(1) M.C.A. (1979) at the time of the transaction at issue. The testimony presented established that the defendant did not hold himself out as possessing any special skill or knowledge in the marketing of grain. The defendant was not in the business of buying and selling grain in the professional sense. Rather, his sole connection with the grain market was the sale of his annual crop to the local grain elevators.

Having determined that the defendant was not a "merchant", it follows that § 30–2–201(1) M.C.A. (1979) regarding a sale between "merchants" is inapplicable to the transaction at issue. Accordingly, the alleged contract at issue is unenforceable since it failed to comply with the Statute of Frauds as codified in § 30–2–201 M.C.A. (1979).

For the reasons set forth above, it is hereby ORDERED that defendant Robert Arnst's motion for summary judgment is GRANTED.

The Clerk shall enter judgment for Robert Arnst and against the plaintiff.