The defendants appeal from a judgment based on a jury verdict of $53,000 for the plaintiffs. The issues presented are 1) whether the trial court erred in allowing the plaintiffs to amend their complaint during the trial of this case to exclude their claim for the remedy of specific performance; and 2) whether the Uniform Commercial Code is applicable to a contract for the sale of emu chicks.
W.C. and Carolyn Barton (hereinafter "the purchasers") entered into a contract with H.B. Sanders and his son, Jerry Sanders, d/b/a Wiregrass Farms (hereinafter "the sellers") for the purchase of 10 emu chicks. The contract required immediate payment of $1,750 as a 10% deposit toward the purchase for 10, three-month-old emu chicks. The purchasers paid the $1,750 deposit. Each of the 10 chicks was to be delivered to the purchasers as it reached three months of age, and payment for each chick was due on delivery. The sellers delivered two emu chicks to the residence of the purchasers, and the purchasers tendered another $1,750. One of the emu chicks had a splayed, or crippled, leg. The purchasers demanded a refund; the sellers returned the second payment of $1,750 and recovered the crippled emu chick. The purchasers kept the other chick. No further deliveries or payments were made.
The purchasers sued the sellers, alleging breach of contract and seeking specific performance. The sellers filed an offer of judgment, offering to provide 9 emu chicks, age 8 to 10 months, at the contract price. The case proceeded to trial. During the defendants' opening statement, the purchasers amended their complaint by withdrawing their claim for specific performance. The trial court allowed the amendment, over the objection of the sellers.
At the end of the evidence, the judge charged the jury in accordance with some of the sellers' proposed jury charges, but refused to give the sellers' requested charges based on the UCC. The sellers objected to the court's failure to instruct the jury in regard to certain aspects of the law under the UCC. The trial judge held specifically that the UCC did not apply to this case, citing, Loeb Co. v. Schreiner, 294 Ala. 722,321 So.2d 199 (1975). The sellers objected to the court's refusal to charge the jury regarding UCC law relating to liability, damages, mitigation, and excuse from performance.
The jury awarded the purchasers $53,000. The trial court entered a judgment on that verdict. The sellers moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial judge denied the motion. The sellers appealed.
The sellers argue that the trial court should not have allowed the purchasers to amend their complaint during the trial of this case to exclude their claim for specific performance. The purchasers claimed that the cost of emu birds had dropped dramatically *Page 882 
and that specific performance would not be an adequate remedy.
The Court held in Griggs v. Finley, 565 So.2d 154, 160 (Ala. 1990), that an amendment of the pleadings may be allowed by the trial court at any time, even during trial or after a judgment, and that, for the judge to deny the amendment, the judge must be satisfied that the amendment would prejudice the objecting party. See also Ex parte Loper, 565 So.2d 28, 31 (Ala. 1990). In this case, the trial judge perceived no prejudice and allowed the amendment. We agree that the amendment did not prejudice the defendants.
However, the trial court erred in holding that the contract for the sale of the emu birds was not governed by the UCC. The authority cited by the trial court, Loeb Co., stands for the proposition that a farmer, solely by reason of occupation, does not come within the definition of a "merchant" in Ala. Code 1975, § 7-2-104. The trial court apparently determined, mistakenly, that the transaction was not between merchants and that the UCC therefore did not apply to it.
The purchasers concede this point, but contend that, nevertheless, the contract is not governed by the UCC because, they argue, in adopting the UCC the legislature did not intend that emu birds come within the UCC definition of "goods." We disagree with this argument. Ala. Code 1975, § 7-2-105(1), defines "goods" as:
 "[A]ll things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action. 'Goods' also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (Section 7-2-107)."
This broad definition includes the emu chicks that were the subject of the contract at issue.
Finally, the sellers claim that the trial court erred in failing to instruct the jury regarding the UCC rules governing the buyers' remedies and governing incidental and consequential damages. Specifically, the sellers asked for instructions based on §§ 7-2-711, 7-2-712, and 7-2-715. These Code sections set out specific requirements and limits on damages — requirements and limits that are not covered by general instructions on damages and mitigation of damages. This Court recognizes that a verdict as to damages is favored with a presumption of correctness. Hollis v. Wyrosdick, 508 So.2d 704, 706 (Ala. 1987). However, the trial court's failure to give these instructions based on the UCC prevented the jury from applying the correct method of determining damages. This failure was reversible error.
The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES, KENNEDY, and COOK, JJ., concur.