DONALDSON *v.* HOLCOMB.

5-3667                                        396 S. W. 2d 281

Opinion delivered November 15, 1965.

[Rehearing denied December 20, 1965.]

*Ulys A. Lovell,* for appellant.

*Bass Trumbo,* for appellee.

PAUL WARD, Associate Justice. Mrs. Rosalie Donaldson, the wife of J. Earl Donaldson, died on June 27, 1962 in Tulsa, Oklahoma and was buried on June 30, 1962 in Washington County, Arkansas. On August 7, 1964 Janelle Holcomb, a daughter of the deceased by a prior marriage, filed a verified petition in the Circuit Court of Washington County asking to have the body of the deceased exhumed and to have an autopsy performed thereon. The petition was granted on the same day, without notice to anyone.

Following the above, several motions and orders were entered regarding the matter, but finally on December 15, 1964 the court directed the coroner of Washington County (Dr. Donald Baker) to proceed with the exhumation of the body, and to provide for an autopsy thereon and also to report the pertinent finding into court. This order was objected to by the husband of the deceased and he accordingly prosecutes this appeal, relying on three separate grounds for a reversal.

*One.* It is first contended that:

"The Circuit Court's orders were void since they were without notice; without proof, without jurisdictions, and on petitions filed by improper persons."

Even if it be conceded, for the purpose of this opinion, that the order made on August 7, 1964 was defective for the reasons mentioned, we think all such defects were later cured by the order dated December 15, 1964. This last order was made following a hearing at which appellant and the deputy prosecuting attorney (repre-

senting the state) were present and participated. At this hearing, by agreement of the parties, certain exhibits and affidavits were examined and considered by the court. Then it was that the trial court directed the coroner of Washington County (Dr. Donald Baker) to proceed with the exhumation of the body of Rosalie Donaldson located in Washington County, and to secure an autopsy on said body by the office of the State Medical Examiner, and to report back to the court all pertinent facts obtained. Then the trial court directed the coroner to withhold action for ten days in order that appellant might decide if he desired to appeal.

The above procedure was in substantial compliance with the procedure set forth in Ark. Stat. Ann. § 42-604 (Repl. 1964). In all parts material here that section reads:

"Upon the death of any person . . . in apparent good health, or when unattended by a physician . . . or in any suspicious . . . manner, the coroner . . . shall be notified . . . by any law enforcement officer having knowledge of such death. . . ."

The following section (42-605) in all parts pertinent here reads:

"In any case of sudden, violent or suspicious death and the body being buried without any autopsy being performed, it shall be the duty of the Coroner upon being advised of such facts to notify the Prosecuting Attorney of his District who shall communicate the same to any Circuit Judge of said District and said Judge may, by appropriate order, require the body to be exhumed and an autopsy be performed thereon by the Director of the Office of State Medical Examiner or by a pathologist or toxicologist designated by the Director and the pertinent facts disclosed by the autopsy shall be communicated to the Judge who ordered it, for such action thereon as he deems proper."

It is not denied that the affidavits presented at the hearing concerning the death of Mrs. Donaldson fully

justified the action taken by the trial court. There was evidence that she was not attended by any doctor during her final sickness; that she was in good health a week before her death; that she expressed fear "they are trying to kill me"; that she thought she should get a divorce from her husband, and; that appellant (the deceased's husband) had expressed a strong desire not to have the body exhumed.

*Two.* Next, appellant says the court erred in granting only ten days for notice of appeal. As previously set out the court directed the coroner to withhold any action for ten days. While it is not clear just what the court had in mind by this part of the order, we are unable to say it constituted reversible error. We agree that appellant had thirty days in which to file notice of appeal under the provisions of Ark. Stat. Ann. 27-2106.1 (Repl. 1962), but we do not think the court meant to, or actually did, deny him that right. Rather it appears the court may have intended to do appellant a favor by staying all action for ten days. Moreover, the record discloses that appellant did give notice of appeal on December 29, 1964 (14 days after the date of the order appealed from), and there is no contention that he has been prejudiced in any way.

*Three.* On March 26, 1965 a judge (on exchange) made an order extending the time until July 21, 1965 for appellant to perfect his appeal to this Court. Four days later the regular judge modified the order to allow appellant until May 1, 1965. It is now contended this constituted reversible error, but we do not agree. In the first place the trial court had a right, on its own motion, to cancel or modify any order before the term expired. Also, the appeal has been filed and accepted within the time allowed by the last mentioned order, and there is no showing by appellant that he has in any way been prejudiced because of lack of time.

Affirmed.