(No. 47020.— )

KENNETH SIERENS *et al.*, Appellants, v.
EDWIN CLAUSEN, Appellee.

*Opinion filed May 19, 1975.*

John C. Hedrich and Kent A. Rathbun, of Princeton, for appellants.

Rainey & Hornbaker, of Princeton, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Kenneth Sierens and James Thompson, a partnership, d/b/a Mineral Elevator Company, appealed from the judgment of the circuit court of Bureau County entered in favor of defendant, Edwin Clausen, upon allowance of his "motion to strike complaint." The appellate court affirmed (21 Ill. App. 3d 540), and we allowed plaintiffs' petition for leave to appeal.

In their amended complaint plaintiffs alleged that they had entered into two oral agreements with defendant whereby defendant agreed to sell and plaintiffs agreed to buy 3,500 bushels of soybeans, for future delivery; that plaintiffs furnished defendant with a written confirmation of the agreements; "that all of the foregoing was done in accordance with the practices, customs and usages of the grain business and the commodities market and that defendant is a grower and seller of farm commodities and as such has been at all times pertinent to this lawsuit well familiar with said practices, customs and usages"; that subsequently defendant, in writing, "repudiated" the contracts; that by reason of defendant's failure to deliver the soybeans plaintiffs suffered substantial damages.

In the motion to strike the amended complaint defendant asserts that each contract was for the sale of goods for more than $500 and "that there was no writing signed by the defendant; all in violation of section 2–201 of the Commercial Code (I.R.S., ch. 26, par. 2–201)"; that "par. 2–201(2) concerning confirmations is applicable only between merchants; that the complaint does not allege that defendant is a merchant; and that he is, in

fact, not a merchant within the meaning of the above mentioned statute."

The Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, par. 1—101 *et seq.*) provides:

"Sec. 2—201. Formal Requirements; Statute of Frauds.

(1) Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received." Ch. 26, par. 2—201.

"(1) 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill." Ch. 26, par. 2—104(1).

"(3) 'Between merchants' means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants." Ch. 26, par. 2—104(3).

The circuit court found that at the time the oral contracts were made defendant was a farmer and not a "merchant within the meaning of Section 2—201(2) of the Uniform Commercial Code" and that the contracts were not enforceable. It struck the amended complaint and dismissed the action. The appellate court, finding that "the defendant, as described in the complaint before us, was a

casual seller" (see UCC Comment sec. 2—104, comments 1 and 2), held that defendant was not a merchant and affirmed the judgment.

The defense presented by defendant's motion to strike is based on the Statute of Frauds and the procedure is governed by section 48 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 48), which provides in pertinent part:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(g) That the claim or demand asserted is unenforceable under the provisions of the Statute of Frauds."

There were no affidavits filed by the parties, but the circuit court had before it defendant's answers to interrogatories submitted by plaintiffs. Our rules provide that "Answers to interrogatories may be used in evidence to the same extent as a discovery deposition" (Rule 213(f)), and that discovery depositions may be used "for any purpose for which an affidavit may be used" (Rule 212(a)(4)). The facts stated in defendant's answers to the interrogatories were therefore before the circuit court for its consideration when it ruled on defendant's motion. The answers show that defendant had been engaged in farming for 34 years, that at that time he had under cultivation approximately 180 acres of corn and 150 acres of soybeans and that for a period of at least five years he had sold his crops to grain elevators both in "cash sales" and "future contracts."

The briefs of the parties, and our own research, indicate that the question whether a farmer may under the circumstances here shown be a "merchant" under the Uniform Commercial Code, has been decided on three prior occasions. In *Campbell v. Yokel,* 20 Ill. App. 3d 702, the appellate court held that farmers who marketed their

crops on a regular basis are merchants within the contemplation of section 2—201 of the Uniform Commercial Code. In *Cook Grains, Inc. v. Fallis* (1965), 239 Ark. 958, 395 S.W.2d 555, the court held that a merchant under section 2—104(1) of the Uniform Commercial Code is one who trades in goods or commodities on a professional basis and a farmer who "sells the commodities he has raised" is not a merchant. In *Ohio Grain Co. v. Swisshelm* (1973), 40 Ohio App. 2d 203, 318 N.E.2d 428, 69 Ohio Op. 2d 192, the court held that the defendant, an experienced farmer who had previously sold soybeans and kept abreast of the market, was a "merchant" when selling his current crop of soybeans.

The practice of grain and soybean growers in selling their products in the manner described in plaintiffs' amended complaint is well known and widely followed. We know of no reason why under the circumstances shown here the defendant, admittedly a farmer, cannot at the time of the sale be a "merchant." On this record we hold that he was a merchant and that section 2—201 of the Uniform Commercial Code applied to these transactions.

In his motion to strike the complaint defendant has attacked the sufficiency of the written confirmations of the agreements sent by plaintiffs. We have examined the documents and hold them to be sufficient under the provisions of section 2—201 of the Uniform Commercial Code.

Although for purposes of the motion all facts well pleaded are taken as true, defendant's letter "repudiating" the agreements, which appears in the record as an exhibit attached to plaintiffs' amended complaint, purports to raise the question whether the parties entered into the oral contracts. Although we have determined as a matter of law defendant's status and the sufficiency of the confirmations, the remaining question is one for the trier of fact.

For the reasons stated the judgments of the appellate and circuit courts are reversed and the cause is remanded

to the circuit court of Bureau County for further proceedings.

*Reversed and remanded.*