CURRITUCK GRAIN INCORPORATED, A NORTH CAROLINA CORPORATION
v. STALEY POWELL

No. 771DC880

· (Filed 5 September 1978)

1. **Uniform Commercial Code § 4— farmer of corn and soybeans—merchant as defined in U.C.C.**

    Evidence that defendant was a farmer raising corn and soybeans was sufficient to support a jury's finding that defendant by his occupation held himself out as having knowledge or skill peculiar to corn and soybeans, thus putting defendant within the statutory definition of "merchant." G.S. 25-2-104(1)

2. **Evidence § 41— question before jury—opinion evidence inadmissible**

    In an action for breach of contract to deliver corn and soybeans where defendant contended that he was not a merchant within the meaning of the Uniform Commercial Code at the time the contract was made, the trial court erred in permitting plaintiff to ask its only witness questions on direct examination with respect to defendant's knowledgeability, since that was the question before the jury, and the witness's opinion on that question was inadmissible.

3. **Trial § 11.2— jury argument—evidence of witness's credibility—no instruction to disregard—error**

    In an action for breach of contract the trial court erred in failing to instruct the jury to disregard the jury argument of plaintiff's counsel that "I have known [the witness] for a long time and he is not a person who is able to [commit perjury]", since such argument in effect amounted to testimony by the attorney as to the credibility of the witness.

APPEAL by defendant from *Beaman, Judge.* Judgment entered 11 July 1977 in District Court, CURRITUCK County. Heard in the Court of Appeals 17 August 1978.

This is an action in which the plaintiff has alleged that the defendant has refused to deliver corn and soybeans to the plaintiff as the defendant contracted to do. The defendant contends the plaintiff is barred from recovery by the statute of frauds as set forth in G.S. 25-2-201. This case has previously been in this Court. *See Currituck Grain, Inc. v. Powell,* 28 N.C. App. 563, 222 S.E. 2d 1 (1976). On the previous appeal, we reversed on the ground that the affidavit filed by defendant did not establish as a matter of law that he was not a merchant within the meaning of G.S. 25-2-104(1).

---

Currituck Grain Inc. v. Powell

---

At the trial of the case, evidence was received which taken most favorably to the plaintiff shows that the defendant had been in the trucking business for forty years prior to 1970. In 1970, he began farming with his father. He admitted on cross-examination that he had filed an affidavit in which he said he had leased approximately 140 or 150 acres of land in 1970, but denied the affidavit was correct as to the date. He testified he rented the land in 1971 and purchased a farm from a Mr. Warren in 1973. The defendant discussed with Mr. Warren the best way to market his crops and Mr. Warren told him it would be best to contract for the sale of them. The defendant then called Mr. Williams, the agent of plaintiff and agreed to sell the corn and soybeans to plaintiff. Written confirmation of the sales was mailed by plaintiff to the defendant and no reply was received by the plaintiff from defendant. The defendant sold the corn and soybeans to another merchant for a higher price. The defendant testified he had not previously sold corn or soybeans. From a verdict in favor of the plaintiff, the defendant appeals.

*White, Hall, Mullen and Brumsey, by William Brumsey III, for plaintiff appellee.*

*Twiford, Trimpi and Thompson, by John G. Trimpi, for defendant appellant.*

WEBB, Judge.

The defendant's first assignment of error is that the district court erred in not granting his motion for a directed verdict and for a judgment n.o.v. The defendant contends that the evidence met the test as laid down by this Court in its previous opinion so that as a matter of law he was not a merchant at the time the alleged contract was made. He contends that the evidence shows he had never negotiated a grain contract prior to 1974, that he had never sold any grain or soybeans prior to that time and that he had no knowledge of the customs and practices of the marketing of grain prior to that time. The opinion in the previous case does state that the affidavit of the defendant does not establish these facts, but the opinion does not hold as to what constitutes a merchant within the meaning of the statute. In determining whether all the evidence shows the defendant was not a merchant we must look at the statute. G.S. 25-2-201 provides:

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars ($500.00) or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

*     *     *

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

G.S. 25-2-104 provides:

(1) "Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction. . . .

*     *     *

(3) "Between merchants" means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants.

The statutory definition of a merchant is in the disjunctive. As applied to this case a merchant is (1) one who deals in corn and soybeans, or (2) one who by his occupation holds himself out as having knowledge or skill peculiar to the practice of dealing in corn and soybeans, or (3) one who by his occupation holds himself out as having knowledge or skill peculiar to the goods involved in the transaction which are corn and soybeans. The Official Comment to G.S. 25-2-104 states it as follows: "The professional status under the definition may be based upon specialized knowledge as to the goods, specialized knowledge as to business practices, or specialized knowledge as to both and which kind of specialized knowledge may be sufficient to establish the merchant status is indicated by the nature of the provisions."

[1]  We hold that the evidence in this case that the defendant was a farmer raising corn and soybeans was sufficient to support a jury's finding that the defendant by his occupation held himself out as having knowledge or skill peculiar to corn and soybeans. This would put him within the statutory definition of merchant. We also hold that there was sufficient evidence to support a jury's finding that the defendant by his occupation held himself out as having knowledge or skill peculiar to the practice of dealing in corn and soybeans which would also put him within the statutory definition of merchant.

There have been cases from other jurisdictions passing on this question. *See Sierens v. Clausen*, 60 Ill. 2d 585, 328 N.E. 2d 559 (1975); *Cook Grains v. Fallis*, 239 Ark. 962, 395 S.W. 2d 555 (1965); *Continental Grain Co. v. Martin*, 536 F. 2d 592 (5th Cir. 1976), *cert. denied*, 429 U.S. 1024 (1976); *Decatur Cooperative Association v. Urban*, 219 Kan. 171, 547 P. 2d 323 (1976); *Lish v. Compton*, 547 P. 2d 223 (Utah 1976); *Loeb and Co., Inc. v. Schreiner*, 294 Ala. 722, 321 So. 2d 199 (1975); *Sand Seed Service, Inc. v. Poeckes*, 249 N.W. 2d 663 (Iowa 1977). The majority of these hold that being a farmer does not make a person a merchant. None of the cases construe the statute as we do, but we believe the plain words of the statute govern.

[2]  Under his second assignment of error, the defendant has brought forward exceptions to questions propounded by the plaintiff on direct examination of its only witness. These questions were:

"Q. And did he hold himself out as having knowledge by his occupation as a farmer that he knew what he was talking about when he was negotiating the sale with you?

MR. TRIMPI: OBJECTION.

THE COURT: OVERRULED.

WITNESS: I certainly felt like he knew what he was talking about.

BY MR. BRUMSEY:

Q. Was his conversation with you in your opinion knowledgeable?

MR. TRIMPI: OBJECTION.

THE COURT: OVERRULED.

WITNESS: Yes."

We believe this assignment of error has merit. Each of the questions is a leading question. The first question asks the witness to answer the very legal question which will determine this case, a question which is now before this Court for the second time. We do not believe the witness could properly answer it. The second question asks the witness his opinion as to the knowledgeability of the defendant. We presume the propounder of the question meant knowledgeable as to dealing in corn and soybeans. It asked the witness his opinion as to the question before the jury. There is some debate among textbook writers as to whether this type of evidence should be excluded. *See* 1 Stansbury's N.C. Evidence, § 126 (Brandis Rev. 1973) pp. 400-402, and footnote 63. We believe the court should not have allowed either of these questions.

[3] The defendant's third assignment of error pertains to the argument of plaintiff's counsel to the jury. The defendant takes exception to the following argument:

"I contend to you, ladies and gentlemen, that Mr. Williams is a man to be believed. He is a man who is known throughout this county for his honesty and integrity. He has been elected for several terms on the Currituck County School Board—

MR. TRIMPI: OBJECTION.

THE COURT: Well, SUSTAINED.

MR. BRUMSEY: (Continuing his argument:)

He is a man of honesty and integrity and he is not going to come before you ladies and gentlemen and commit perjury from the witness stand under oath. I have known him for a long time and I know he is not a person who is able to do that.

MR. TRIMPI: OBJECTION.

THE COURT: OVERRULED.

\*   \*   \*

Mr. Williams has also been under attack, his memory has been under attack to some extent about the number of conversations, type of conversations he had with Mr. Powell. Ladies and gentlemen there is a reason for Mr. Williams to be able to remember Mr. Powell's conversation over and above any other person he had conversations with. And you know the reason for that? Because the other people by and large have all complied with the contract—

MR. TRIMPI: OBJECTION.

THE COURT: OVERRULED."

The plaintiff's counsel's statement about the witness "I have known him for a long time and he is not a person who is able to do that" is in effect testimony by the attorney as to the credibility of the witness. It was error for the court not to sustain the defendant's objection and instruct the jury to disregard this argument. We hold that the failure of the court to instruct the jury to disregard this argument, combined with the admission of improper evidence as shown above, was prejudicial enough to require a new trial.

The defendant has also assigned as error the court's charge in defining the word "merchant." The court used the statutory definition of merchant as found at G.S. 25-2-104(1). Without passing on this assignment of error, the court at a new trial can use this opinion for a more detailed definition.

New trial.

Chief Judge BROCK and Judge HEDRICK concur.