Kenneth SEBASTY, Defendant-Appellant,

v.

Kurt PERSCHKE, d/b/a Perschke Hay and Grain, Plaintiff-Appellee.

No. 3–1079A294.

Court of Appeals of Indiana, Third District.

June 4, 1980.

Rehearing Denied Aug. 25, 1980.

Edward Olczak, South Bend, Harrison, Moberly & Gaston, Indianapolis, for defendant-appellant.

Robert W. Mysliwiec, South Bend, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellee Kurt Perschke, d/b/a Perschke Hay and Grain, is a grain broker whose business involves the buying and selling of grain. He brought this action against appellant Kenneth Sebasty, a farmer, for damages arising from the breach of an oral contract to purchase wheat entered into on September 28, 1972. The contract allegedly provided that Perschke would purchase 14,000 bushels of wheat at $1.95 per bushel to be picked up on Sebasty's farm in March 1973. Sebasty failed to provide the wheat and Perschke allegedly incurred $14,070.98 in damages.

Sebasty denied that he had entered into an oral contract with Perschke to sell wheat and also asserted that enforcement of an oral contract was barred by the Statute of Frauds, IC 26–1–2–201(1). This subsection provides that contracts for the sale of goods with a purchase price of $500 or more may not be enforced unless the contract is in writing and signed by the person sought to be charged.[1]

Perschke contended that this transaction fell within an exception to the Statute of Frauds general rule. The exception is set forth in IC 26–1–2–201(2):

> "Between merchants if within a reasonable time a writing in confirmation of the contract and sufficiently against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten [10] days after it is received."

Trial was had to the court which found that the parties had entered into the oral contract described above on September 28, 1972. The court also found that written confirmation of this contract was mailed to Sebasty the same day and that the confirmation was received by Sebasty. The court concluded that both Sebasty and Perschke were merchants and that this oral contract was enforceable under IC 26–1–2–201(2).

■ Sebasty first argues on appeal that the trial court's finding that an oral contract was entered into is contrary to the evidence.

In making this argument, Sebasty invites us to reweigh the evidence and judge the credibility of the witnesses. This we cannot do. We may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Pokraka v. Lummus Co.* (1952), 230 Ind 523, 104 N.E.2d 669.

---

1. IC 26–1–2–105(1) provides that the term "goods" includes growing crops.

John Lindborg, Perschke's office manager, testified that Sebasty telephoned Perschke and entered into an oral agreement under which Sebasty was to receive $1.95 a bushel for 14,000 bushels of soft red wheat which was to be picked up on Sebasty's farm by Perschke's truck in March 1973. Lindborg entered this purchase in his bid book which was a daily record of all transactions. The office secretary typed a confirmatory memorandum from the information contained in the bid book and prepared an envelope bearing Sebasty's address. The memorandum was placed in the envelope and Lindborg, at the end of the day, delivered the letter to the local post office.

On February 21, Lindborg contacted Sebasty in order to make arrangements to pick up the wheat. Sebasty said that it was too wet to pick up the wheat. He was told to contact the Perschke office when the weather would permit pick-up. In April and July, Sebasty was again contacted by Perschke and/or Lindborg. Sebasty was very evasive but did not deny the existence of the contract or state that he would not deliver the wheat.

This evidence is sufficient to support the trial court's finding that an oral contract was entered into.

■ Sebasty next argues that there was no evidence to support the court's finding that the memorandum was received by him. He acknowledges that evidence of deposit of a letter in a post office, properly addressed and stamped, is prima facie proof that it was received by the person to whom it was addressed. See *National Live Stock Ins. Co. v. Wolfe* (1914), 59 Ind.App. 418, 106 N.E. 390; *Home Ins. Co. of N.Y. v. Marple* (1891), 1 Ind.App. 411, 27 N.E. 633. However, he argues that his denial of receipt nullifies the presumption. While the presumption of receipt is not conclusive, neither is the statement by an interested party of non-receipt. It is then for the trier of fact to determine from all the evidence and reasonable inferences to be drawn therefrom what occurred. *Home Ins. Co.,* *supra.* The court, sitting as trier of fact,

concluded after hearing all the evidence in the case that the letter was received by Sebasty. We cannot say that the evidence leads solely to the opposite conclusion.

■ Sebasty also argues that the court's finding that he was a "merchant" is contrary to law. We disagree.

Sebasty has been a farmer all his life and owns 1,300 acres of land in Indiana. He farms approximately 1,000 acres. He grows three crops on this land, corn, soybeans and wheat, and sells these crops as his means of livelihood. He is familiar with the customs and practices involved in selling grain. He is aware that the price of grain rises and falls daily. He had entered into other oral agreements with Perschke for future sales followed by written confirmation on four occasions prior to the wheat transaction.

A "merchant" is a "person who deals in goods of the kind or otherwise by his occupation holds himself out as having [the] knowledge or skill peculiar to the practices or goods involved in the transaction." IC 26-1-2-104(1). We find that a farmer such as Sebasty who regularly sells the crops he raises as his means of livelihood is a merchant as defined by IC 26-1-2-104(1).

A farmer who grows crops for the sole purpose of selling them has by his occupation held himself out as having the knowledge or skill peculiar to the transaction. It is not necessary for the farmer to actually possess such knowledge or skill. It is sufficient if the farmer by his occupation represents or holds out that he has such knowledge or skill. Farmers such as Sebasty are more than mere tillers of the soil. They are more aptly described as agri-businessmen. Sebasty's occupation includes not only the raising of various crops but selling them in the grain market. The crops were not grown for personal or family consumption but for the purpose of selling them at a profit. His livelihood depended upon the sale of the crops. In order to be successful at such occupation, Sebasty would require the skill and knowledge to raise the crop and the skill and knowledge to sell it. A

person whose livelihood includes the selling of a commodity necessarily represents to those who purchase the commodity that he has the skill and knowledge involved in such a sale. *Nelson v. Union Co-op* (1977 Tex.) 548 S.W.2d 352; *Currituck Grain, Inc. v. Powell* (1978), 38 N.C.App. 7, 246 S.E.2d 853. Perschke and Sebasty had entered into four oral contracts for the sale of grain prior to the wheat contract. Each transaction was conducted in the same fashion; an oral agreement followed by written confirmation for sale of a certain amount of grain at a set price to be picked up at a future date. Clearly, under these circumstances, Sebasty by his occupation has held himself out as having the skill and knowledge peculiar to the sale of grain.

Furthermore, Sebasty is a person who is a dealer in goods of the kind involved in the transaction. Sebasty did not make casual or occasional sales of grain to others. He was in the business of raising wheat and other grains for sale. He sold the grain raised on a regular basis as part of his occupation. A farmer who regularly sells his crops is a person who deals in goods of that kind. *Continental Grain Co. v. Harbach* (1975 N.D.Ill.) 400 F.Supp. 695; *Sierens v. Clausen* (1975), 60 Ill.2d 585, 328 N.E.2d 559; *Campbell v. Yokel* (1974), 20 Ill.App.3d 702, 313 N.E.2d 628; *Rush Johnson Farms, Inc. v. Missouri Farmers Assoc.* (1977 Mo.App.), 555 S.W.2d 61; *Ohio Grain Co. v. Swisshelm* (1973), 40 Ohio App.2d 203, 318 N.E.2d 428.

We conclude that the fact that Sebasty was indisputably a farmer is not controlling upon the question of whether he is a merchant within the meaning of the U.C.C. Upon the facts and circumstances of this case the trial court clearly did not err in concluding that Sebasty was a merchant.

■ Sebasty next contends that the damages awarded were excessive. In his motion to correct errors he contended that the damages were excessive because the evidence failed to show that Perschke attempted to obtain delivery of the wheat in March.

This argument has not been made on appeal and is therefore waived. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).

■ Sebasty, in his brief on appeal, argues that the damages are excessive (1) because there was no contract which could have been breached and (2) because Perschke purchased substitute wheat prior to the March delivery date. These arguments were not advanced in the motion to correct errors and are therefore waived. TR. 59(G).

Finally, Perschke asserts by way of cross appeal that the trial court erred in failing to award prejudgment interest.

■ We note at the outset that special findings were not requested; the court supported its judgment with a general finding for Perschke. Under such circumstances the general rule is that the amount of damages is within the province of the court so long as the award is within the evidence. *Indiana Tel. Corp. v. Indiana Bell Tel. Co., Inc.* (1976), Ind.App., 358 N.E.2d 218; *Valcan Corp. v. M. T. Sparks, Inc.* (1968), 143 Ind.App. 543, 241 N.E.2d 862.

■ In the present case the award is within the evidence. Perschke's argument that prejudgment interest was not awarded is plausible, but is not clearly established by the record. Moreover, Perschke's argument is silent as to a demand once the amount of damage was ascertainable. *Indiana Tel. Corp., supra.*

We conclude that Perschke has failed to establish error.

Accordingly, the judgment is affirmed.

HOFFMAN and STATON, JJ., concur.