MARTIN MORENO, individually and on behalf of all other similarly situated, Plaintiff-Appellant, *v.* JOE PERILLO PONTIAC, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 81—1936

Opinion filed January 10, 1983.—Rehearing denied March 7, 1983.

James O. Latturner and Helen Cropper, both of Legal Assistance Foundation, of Chicago, for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (J. Robert Geiman and E. J. Kerschner, of counsel), for appellee Bankers United Life Assurance Company.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Harry Ray Chiles, Jr., of counsel), for appellee Joe Perillo Pontiac, Inc.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Martin Moreno brought this action on his own behalf and on behalf of all others similarly situated, alleging, as against one or more of the defendants, breach of contract, breach of fiduciary duty, violation of certain specified statutes and fraudulent misrepresentation with respect to a policy for credit life insurance purchased by plaintiff and others in conjunction with the installment purchase of automobiles. Defendants filed a hybrid motion to strike and dismiss pursuant to both sections 45 and 48(i) of the Civil Practice Act (now sections 2—615 and 2—619 of the Code of Civil Procedure, Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619) which were simultaneously granted by the trial court. The court also denied plaintiff's motion for class certification. Plaintiff appeals.

There is no dispute as to the facts giving rise to plaintiff's claim. On April 20, 1979, plaintiff entered into a retail installment contract with defendant Perillo Pontiac for the purchase of a Pontiac Bonneville. In conjunction with his purchase of the automobile, plaintiff purchased decreasing-term credit life insurance which was sold by Perillo pursuant to a group policy between Perillo and defendant Bankers United Life Assurance Company (Bankers). The certificate of insurance was completed by Perillo at the site of the car sale. A premium of $304.86, which was based on a typed-in maximum benefit of $11,725.44, was financed along with the price of the car. The printed certificate, however, contained provisions limiting plaintiff's recovery on the credit life insurance policy to $10,000:

"The Company promises to pay, upon receipt of the proof of

the death of the \*\*\* Obligor \*\*\*, the amount of insurance then in force, provided that *the amount of insurance* \*\*\* *in no event shall exceed $10,0000.*" (Emphasis added.)

The certificate also provided:

"No change in this Policy shall be valid until approved by an executive officer of the Company and unless such approval is endorsed hereon or attached hereto. The Agent has no authority to change the Policy or to waive any of its provisions.

\* \* \*

If like certificates previously issued by the Company to the Obligor from all creditors be in force concurrently herewith making the aggregate amount of insurance in excess of $10,000, *all such excess insurance shall be void, and the premiums paid for such excess shall be returned to the Obligor or his estate.*" (Emphasis added.)

The correct premium for a $10,000 policy limit would have been $260. Plaintiff, therefore, brought this action to recover the excess premium paid and for other relief, alleging that defendants each accepted and retained premiums based on a potential recovery in excess of that permitted by the contract and that Bankers failed to honor that contract provision requiring a refund of excess premiums. Plaintiff also alleged that there were others similarly situated and prayed that he be appointed to represent the class.

In its "Motion to Strike and Dismiss," which was later joined in by Perillo, Bankers alleged that as a matter of law plaintiff's maximum recovery was $11,725.44 and that Bankers had waived the policy limit. Bankers attached the affidavit of its assistant vice-president, Robert Warner, which stated that Bankers had waived the $10,000 limit, notwithstanding the fact that such waivers are explicitly forbidden by the contract language.

In response, plaintiff initially raised the argument that defendants' motion was an improper, hybrid motion which should therefore be denied. Plaintiff also contended that a cause of action was stated, that the printed certificate of insurance was clear and unambiguous and must be enforced, that neither Bankers nor Perillo waived the policy provision and that Bankers could not unilaterally waive a contract provision which benefitted plaintiff.

The trial court held that as a matter of law plaintiff had failed to state a cause of action because Bankers was legally responsible for the full typewritten coverage amount and also held "alternatively" that the complaint was subject to a motion for involuntary dismissal because Warner's affidavit was unrebutted and therefore conclusive of

the fact that "Bankers intended to be bound by the full benefit amount." Having found that no cause of action existed, the court also denied plaintiff's motion for class certification. We reverse.

■■■ Addressing first plaintiff's contention regarding the hybrid motion, we note that such a procedure was expressly disapproved by our supreme court in *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605. While *Janes* involved a motion under section 45, combined with a motion for summary judgment, the same reasoning is applicable here. In *Janes*, the court stated that to combine an inquiry into whether a pleading is sufficient to state a cause of action (section 45) with an examination which almost necessarily assumes that a cause of action has been stated is likely to confuse both the parties and the court. Defendants should have first challenged the legal sufficiency of the complaint, and only when a legally sufficient cause of action had been stated should the court have entertained the motion based on affidavits. (57 Ill. 2d 398, 406; see also *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 1044, 404 N.E.2d 473; *appeal denied* (1980), 81 Ill. 2d 590; *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 497-98, 396 N.E.2d 34, *appeal denied* (1980), 79 Ill. 2d 625.) Nonetheless, for the sake of expediency and because the appellate court in *Janes* had reached a determination as to whether a cause of action was stated, the supreme court declined to remand the case for proceedings conforming with the views expressed therein. Similarly, since we have determined that a cause of action was stated in the instant case, we will also consider the motion and evidence presented pursuant to section 48.

The trial court's finding that no cause of action was stated as a matter of law was based upon two rules of contract construction, the first being that the typed portion of a document prevails over a printed one (citing *Lambos v. Lambos* (1972), 9 Ill. App. 3d 530, 292 N.E.2d 587, *appeal denied* (1973), 53 Ill. 2d 608), and the second, pertaining to life insurance cases, that where two inconsistent provisions appear courts have consistently upheld that provision which is most favorable to the insured. (*Stramaglia v. Conservative Life Insurance Co.* (1943), 319 Ill. App. 20, 48 N.E.2d 719.) In addition, the court cited *Hooker v. Farmers Mutual Reinsurance Co.* (1940), 304 Ill. App. 230, 26 N.E.2d 146, for the proposition that an insurer can waive a condition on stipulation made in its own favor, and an agent clothed with the power of soliciting insurance, delivering policies and collecting premiums has the power to waive policy conditions. Lastly, the court expressed its belief that Bankers would be bound by the

higher amount "particularly where it would be unjust, inequitable or unconscionable to allow Bankers to interpose the $10,000 limitation."

■ While we do not disagree with any of the above propositions, we find that they do not apply to the particular facts of this case to defeat even the possibility of stating a cause of action as a matter of law. In *Lambos,* the court applied the law of contracts to construe a land trust agreement. Unlike the instant case, neither party in *Lambos* had drafted the printed form and the parties together made typewritten modifications. The court there expressly stated that the typed portion of the document that manifested agreement between the parties must prevail over the printed portion. (9 Ill. App. 3d 530, 534.) Here, the certificate in question was drafted by Bankers and it is unclear from the pleadings who, other than an unnamed agent of Perillo, actually made the typewritten modifications. Thus, the clear manifestation of agreement between the parties which was present in *Lambos* is lacking in the case now before us.

■ The trial court apparently accepted defendants' argument that in the event of ambiguity between policy provisions, a construction "in favor of the insured" must be interpreted consistently to maximize coverage. This case presents an unusual situation, however, in that it is the defendant rather than plaintiff-insured who seeks to be bound by the higher amount. We are mindful that our inquiry is limited to accepting all well-pleaded facts and reasonable inferences that can be drawn therefrom and determining whether plaintiff has stated a cause of action. The trial court's decision to grant defendants' motion to dismiss may only be sustained if no set of facts as pleaded by plaintiff could conceivably state a cause of action. (*Browder v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 629, 379 N.E.2d 1206.) We believe that plaintiff could conceivably state a cause of action under the facts as pleaded. We also find the trial court's reliance on *Hooker v. Farmers Mutual Reinsurance Co.* (1940), 304 Ill. App. 230, to have been misplaced. *Hooker* involved a forfeiture provision in a life insurance policy. The trial court granted a directed verdict for defendant and the appellate court reversed and remanded for a new trial. While noting that an agent may waive policy provisions made in the insurer's favor in some instances, the court also realized that such authority depended on the conduct of the agent towards the insured and that the very question of agency in a given case is one of fact. (304 Ill. App. 230, 234.) Similarly, the *Browder* case involved an automobile dealer who sold credit life insurance, establishing the same interrelationship between the parties as in the instant case. In *Browder,* the court held that whether a broker was an

agent for the insured, the insurer, or both, was not a question of law which could be determined solely from the pleadings, but rather a question of fact which could be determined only after a full hearing. (62 Ill. App. 3d 623, 629-30.) In light of the foregoing, we hold that defendant's motion based on the pleadings was improperly granted. We will therefore proceed to a factual determination pursuant to section 48.

The trial court determined that, in the event a cause of action was stated as a matter of law, the complaint was subject to a motion for involuntary dismissal because Warner's affidavit was "unrebutted" and from it the court could conclude that Bankerts "intended to honor and be bound by the full benefit amount."

It is well settled that the burden of proving waiver is on the party claiming it and that the waiver must be proven by clear, precise and unequivocal evidence. (*Spence v. Washington National Insurance Co.* (1943), 320 Ill. App. 149, 50 N.E.2d 128.) It is also elementary that section 48 of the Civil Practice Act provides a means of obtaining at the outset of a case a summary disposition of issues of law or easily proved issues of fact and that, while motions pursuant to this section admit facts well pleaded, they do not admit conclusions of law or conclusions unsupported by allegations of specific facts upon which such conclusions rest. A motion under this section should not be allowed if the record establishes that a genuine and material question of fact exists. *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114, 387 N.E.2d 878.

■ The trial court based its ruling on the fact that plaintiff failed to file counteraffidavits in opposition to defendants' motion. Such an omission is not fatal to plaintiff's claim, however, where, as here, the court had before it other evidence presenting a material question of fact. (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114; *Sierens v. Clausen* (1975), 60 Ill. 2d 585, 328 N.E.2d 559.) *Sierens* involved a motion to dismiss pursuant to section 48 where no affidavits were filed by either party, but the court had before it defendant's answers to interrogatories submitted by plaintiff. There, the court considered Supreme Court Rules which provide that '[a]nswers to interrogatories may be used in evidence to the same extent as a discovery deposition" (73 Ill. 2d R. 213(f)) and that discovery depositions may be used "for any purpose for which an affidavit may be used" (73 Ill. 2d R. 212(a)(4)), and concluded that the facts stated in defendant's answers to the interrogatories were therefore before the trial court for its consideration when it ruled on defendant's motion. (60 Ill. 2d 585, 588.) The trial court here also had before it defendant's answers to inter

rogatories which were filed by plaintiff and which, we believe, presented a genuine and material question of fact. Specifically, Banker's answers and supplemental answers to interrogatories established that: the $10,000 limitation on policy benefits was first adopted on May 14, 1975, when the form was first filed by Bankers and approved by the Illinois Department of Insurance, and this limitation was not amended until April 23, 1980, a year after plaintiff's cause of action arose; in the case of the named plaintiff, Bankers was not aware of the original loan amount, which amount determines the limits of the policy Bankers now claims to have waived; only two people, Ronald Glime and Donald J. Shepard, had authority to make or approve changes in the policy and there were no changes in the policy made prior to the amendatory endorsements on April 23, 1980. The Warner affidavit, when read in conjunction with Bankers' answers to interrogatories, presented a genuine and material question of fact which could not be properly disposed of on a motion to dismiss. The granting of the motion to dismiss was error.

Finally, the trial court denied plaintiff's motion for class certification because it found no sufficient cause of action upon which a class could proceed. Because we hold that a cause of action was stated, the question of class certification is to be determined by the trial court.

We therefore reverse and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

CAMPBELL and McGLOON, JJ., concur.