71957. THUNDERBIRD FARMS, INC. v. ABNEY.
(343 SE2d 127)

BANKE, Chief Judge.

The appellee brought this action to recover damages for the appellant's breach of an alleged contract to sell him 5,000 bushels of soybeans. In this appeal from a judgment entered on a jury verdict in favor of the appellee, the appellant contends that the trial court should have directed a verdict in its favor on the ground that the alleged contract was not in compliance with the UCC Statute of Frauds. See generally OCGA § 11-2-201. *Held*:

Subsection 2 of OCGA § 11-2-201 provides that, "[b]etween merchants," a writing in confirmation of the contract and sufficient against the sender is sufficient to bind the party receiving it if the writing is received "within a reasonable time . . . and the party receiving it has reason to know its contents . . . unless written notice of objection to its contents is given within ten days after it is received." There was evidence in this case from which the jury could have found that an oral agreement was reached by the parties and that the appellant thereafter received a written confirmation of the agreement from the appellee, to which no response was made. Thus, the jury could have concluded that a contract existed, provided there was evidence from which it could be found that the parties were both merchants.

By definition, " 'merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."

OCGA § 11-2-104 (1). "The Official Code Comments suggest that for purposes of § 2-201 (2) almost every person in business would qualify as a merchant under that portion of the § 2-104 (1) definition including in the category of merchants persons who by their occupations hold themselves out as being familiar with the 'practices' involved in a particular transaction. The Comments indicate, moreover, that for purposes of § 2-201 (2), the practices with respect to which a person would have to be familiar to be considered a merchant are nonspecialized business practices such as answering mail." Annot.: Sales — Farmers as "Merchants," 95 ALR3d 484, 487.

In *Campbell v. Yokel*, 20 Ill. App.3d 702 (313 NE2d 628) (1974), it was held that one who regularly sells his crops is one who deals in goods of that kind and is thus a merchant within the meaning of the section. In the present case, the president and principal stockholder of the appellant corporation testified that, although he had been farming for about 15 years, he had incorporated the farm only a few years earlier, both for tax purposes and to separate it from his other business, the practice of medicine. It is clear from his testimony that neither he nor the corporation were strangers to the business of selling soybeans. Clearly, if the evidence did not demand a finding that the appellant corporation was a merchant, it at least provided adequate evidentiary support for such a finding. It follows that the appellant was not entitled to a directed verdict based on the application of the statute of frauds.

*Judgment affirmed. Sognier, J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED MARCH 11, 1986 —
REHEARING DENIED MARCH 19, 1986 — 

*Denmark Groover, Jr.*, for appellant.
*Duross Fitzpatrick, W. Dennis Mullis*, for appellee.